WATERLOO TURNPIKE ROAD CO., Respondent, v. J. H. COLE, Appellant.

No. 3842; December 11, 1874.

Turnpike Company—Toll-gates.—The Fixing by the Board of Supervisors of the number of the toll-gates, and of where they were to be located, was a condition precedent to the right of the Waterloo Turnpike Road Company to collect tolls, under an act which in incorporating that company provided, in part, "such gates and tolls to be fixed and prescribed by such board of supervisors, as aforesaid, from year to year."

APPEAL from Fifth Judicial District, San Joaquin County.

J. B. Hall and W. L. Dudley for respondent; J. H. Budd for appellant.

See Waterloo Turnpike R. Co. v. Cole, 51 Cal. 381.

CROCKETT, J.—The plaintiff is a turnpike road company organized under the act of May 12, 1853 (p. 169), as amended by the act of April 27, 1857 (p. 280), and the action is to recover tolls for the use of its road. One of the defenses is that the board of supervisors of the county in which the road is located has never "fixed and prescribed" the place at which any toll-gate on said road shall be erected, nor by any valid order of the board has authorized a toll-gate to be erected; and it is contended, first, that tolls can be collected only at gates erected at places "fixed and prescribed" by the board; and second, that by erecting a toll-gate at a place not so fixed and prescribed the company has forfeited its corporate rights. It appeared in evidence that the board of supervisors fixed the rates of toll, and by an order entered in its minutes authorized the company "to establish toll-gates at such places as the directors of the road may designate on the line of said road." But before this order was entered, the company had erected a toll-gate near the western end of the road, and has ever since maintained it, being the only toll-gate on the road.

Section 18 of the act of 1853, as amended in 1857, under which the plaintiff was organized as a corporation, provides

that the corporation "shall only be allowed to put up and keep such toll-gates, demand, collect and receive such tolls, as may be fixed and prescribed by the board of supervisors of the county or counties through which such road or roads may pass. Such gates and tolls to be fixed and prescribed by such board of supervisors, as aforesaid, from year to year. And if any company or companies shall violate the provisions of this act, by putting up any toll-gate or gates, or by collecting any toll or tolls, except as may be fixed and prescribed by such board of supervisors, as aforesaid, such company or companies shall forfeit all their corporate rights in such road or roads, . . . . to the counties in which the same may be situated."

It then provides that the company may be prosecuted for such violations of the statute before a justice of the peace in any township through which the road passes.

It was manifestly the intention of the legislature to confer upon the supervisors the exclusive authority to determine the number and location of the toll-gates. If this was left to the company, as it was before the amendment of 1857, the greatest abuses might be practiced by the erection of numerous toll-gates and at the most inconvenient points on the road. It is clear, I think, that no tolls could be collected until the number and location of the toll-gates were "fixed and prescribed by the board of supervisors." This was a condition precedent to the right to collect tolls at all, and if the board refused or failed to perform this duty, it could have been compelled to do it by a writ of mandate, Nor could the supervisors delegate their authority in this respect to the directors of the company. It was a duty which involved the exercise of judgment and discretion, and, as such, could not be delegated. Before the amendment of 1857 the directors had the power to determine the number and location of the toll-gates, and to permit this power to be now conferred upon them by the supervisors would practically abrogate the amendment and restore the old law.

Order and judgment reversed and cause remanded for a new trial.

We concur: McKinstry, J.; Wallace, C. J.